IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BARCHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge |
| FIVE SEASONS COUNTRY CLUB OF | ) | |
| NORTHBROOK, INC. | ) | **Jury Trial Requested** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Robert Barcham ("Plaintiff"), through his attorneys, Barlow, Kobata & Denis LLP, for his Complaint against Defendant Five Seasons Country Club of Northbrook, Inc. (herein "Defendant"), states as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* for Defendant's failure to pay wages and overtime wages to Plaintiff and to make unauthorized deductions from Plaintiff's wages.

### JURISDICTION AND VENUE

2. Federal jurisdiction arises under the provisions of the FLSA, 29 U.S.C. § 201 *et. seq.*, including §§ 206 and 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue lies in the Northern District of Illinois Eastern Division in that the Defendants are engaged in business in this District and Division, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District and Division.

**PARTIES**

4. Defendant Five Seasons Country Club of Northbrook, Inc. (herein "Defendant Cedar State") is an Illinois corporation that operates a sports club in this District and Division.

5. At all pertinent times Defendant has continuously been and is an "employer in an industry affecting commerce" within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

6. The Plaintiff is a resident of Chicago, Illinois, and performed non-exempt work for Defendants in this District and Division between March 2009 and January 2016.

7. During the course of his employment, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §201, *et seq.* and the IMWL, 820 ILCS 105/1 *et seq.*

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**FACTUAL ALLEGATIONS**

8. Paragraphs 1-7 are re-alleged and incorporated as though set forth fully herein.

9. At all pertinent times to this cause of action, Plaintiff was employed by Defendant, said employment being integral and indispensable to Defendant's business.

10. During the course of his employment by Defendants, the Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

11. Plaintiff has signed a Consent to Become a Party Plaintiff under the FLSA, a copy of which is attached hereto as Exhibit A.

12. During his employment, Plaintiff regularly worked hours in excess of forty hours in a single work week.

13. On the occasions when Plaintiff worked more than forty (40) hours in a single work week, he was not paid for all those hours in excess of 40 hours at a rate of one and one-half times his regular rate of pay, pursuant to the requirements of the FLSA.

14. Pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff was entitled to compensation at a rate not less than one and one-half his regular rate of pay for all hours worked in excess of forty (40) hours, in any week, during the two (2) years preceding the filing of this Complaint.

15. Defendant's failure to pay overtime compensation at the rate of one and one-half his regular rate of pay for all hours worked over forty (40) in a work week is a violation of the FLSA.

16. Defendant has at all times relevant hereto failed and refused to pay overtime compensation to the Plaintiff at a rate of one and one-half his regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the FLSA.

WHEREFORE Plaintiff respectfully requests this Court to enter an order as follows:

A. the Court determine the rights of the parties and direct the Defendant to pay for all hours worked and wages paid to the Plaintiff;

B. awarding a judgment equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

C. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

D. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Paragraphs 1-16 are re-alleged and incorporated as though set forth fully herein.

18. Defendant has, both in the past and presently, willfully failed to pay the Plaintiff for all hours worked in excess of forty (40) hours per week at a rate equal to one-half times his regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the FLSA.

19. Defendant continues a pattern of deliberate, intentional, and willful violation of the FLSA.

20. Pursuant to the FLSA, Plaintiff is entitled to compensation at a rate of not less than one and one-half times his regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A. awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

B. awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

C. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

D. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

4

21. Paragraphs 1-20 are re-alleged and incorporated as though set forth fully herein.

22. In denying Plaintiff compensation at a rate of one and one-half times his regular rate for all hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

23. The Plaintiff is entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A. awarding liquidated damages equal to the amount of all unpaid overtime compensation;

B. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

C. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT IV
## SUPPLEMENTAL STATE COURT CLAIM
## ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.*

24. Paragraphs 1-23 are re-alleged and incorporated as though set forth fully herein.

25. There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a minimum wage for all hours and a wage for hours worked over forty (40) in a workweek at a rate of not less than one and one-half times the employee's regular hourly rate.

26. At all relevant times herein, Defendant was an employer as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an employee within the meaning of that Act.

27. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his hourly rate of pay for all hours worked in excess of forty (40) hours per week. Defendant failed and refused to pay Plaintiff overtime pay.

28. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

29. The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

30. The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

31. Defendant's failure to pay Plaintiff time and one-half for all hours worked in excess of forty (40) hours in a workweek is a violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A. a judgment in the amount of one and one-half times his normal hourly rate of pay for all hours which he worked in excess of forty (40) hours per week;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

D. awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of that Act;

E. that the Court determine the rights of the parties and direct the Defendant to pay for all hours worked and wages paid to Plaintiff during the relevant time period; and

F. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT V
## SUPPLEMENTAL STATE COURT CLAIM
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT
## 820 ILCS SECTION 115-1 *et. seq.*

32. Paragraphs 1-31 are re-alleged and incorporated as though set forth fully herein.

33. There exists a statute called the Illinois Wage Payment and Collection Act, 820 ILCS § 115 *et. seq.*, which prohibits employers from making unauthorized deductions from an employee's wage.

34. At all relevant times herein, Defendant was an employer as defined in the Illinois Wage Payment and Collection Act, 820 ILCS § 115/2, and Plaintiff was an employee within the meaning of that Act.

35. Defendant violated the Illinois Wage Payment and Collection Act by taking unauthorized deductions from Plaintiff's wages. Defendant continued to take deductions from Plaintiff's wages after Plaintiff asked it to discontinue those deductions and withdrew his consent for Defendant to make those deductions.

36. Plaintiff has been damaged by Defendant's violation of the Illinois Wage Payment and Collection Act.

37. Plaintiff is entitled to recover his attorneys' fees and costs under the Illinois Attorney's Fees in Wage Actions Act, 705 ILCS § 225/1 *et seq.*

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A. a judgment in the amount of all back wages due as provided in the Illinois Wage Payment and Collection Act;

B. awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

C. awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of that Act; and

D. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.


Dated: May 11, 2016                                  ____*s/ Marty Denis*_____
                                                     Marty Denis
                                                     Bethany Hilbert
                                                     Barlow, Kobata & Denis LLP
                                                     525 West Monroe, Suite 2360
                                                     Chicago, Illinois 60661
                                                     (312) 648-5570

                                                     *Attorneys for Plaintiff*